# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Frederick William McMillian,

                Plaintiff,

v.

County of Cortland, Cortland County
Sheriff's Department, Lee Price, Sgt.
Brian Ayres, Roy Lewis, Lt. Rick Baker,
Larry Shepard, Lt. Budd Riggs, Sgt.
Doug Glover, Michael Babcock,
Matthew Hegedas, and James Willis,

                Defendants.

No. 9:04-CV-0827 (PAM/GHL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court[1] on Plaintiff's Motion to Compel and for Sanctions. For the reasons set forth below, the Court grants the Motion to Compel in part and denies it in part and denies the Motion for Sanctions.

Plaintiff brings this civil rights action against Cortland County, the Cortland County Sheriff's Department, and numerous Sheriff's Department employees for alleged violations of his constitutional rights. Plaintiff now seeks to compel Defendants' responses to interrogatories and document requests, and for sanctions for Defendants' alleged failure to respond to the requests.

---

[1] Pursuant to an inter-circuit assignment under 28 U.S.C. § 294(d), the undersigned is the Judge of record in this case.

**A.     Motion to Compel**

1.     Worker's compensation claims

Plaintiff asks the Court to compel the production of worker's compensation claims made by Defendants Hegedus and Babcock. He contends that these claims are relevant because "they contain factual statements by both defendants, that concern incident(s), giving rise to causes of this action." Defendants object to the request, noting that such files contain personal, privileged information.

Plaintiff has failed to establish that he is entitled to the requested documents. The requested claim files undoubtedly contain personal information and, as such, it is inappropriate to compel their disclosure. Moreover, it is unlikely that the claim files contain any information relevant to Plaintiff's claims. His Motion on this point is denied.

2.     Criminal complaints of other inmates

In this request, Plaintiff seeks the disclosure of criminal complaints allegedly brought against other inmates for assaults at the jail. Plaintiff believes that such complaints are relevant to show that other inmates were treated differently than he was for similar conduct. Defendants respond that they do not have any information regarding these two inmates.

Plaintiff's Motion on this point must be denied. Defendants do not possess any information regarding criminal complaints against the two inmates named in the discovery requests. They cannot be compelled to produce documents they do not have.

3.  District Attorney's Office procedures

Plaintiff seeks information regarding any incentives the District Attorney's Office provides to its attorneys for securing a certain number of convictions, and also seeks information regarding why a particular Assistant District Attorney was removed from Plaintiff's criminal case. However, the District Attorney's Office is not a party to this matter, and Defendants do not have access to that Office's policies and procedures, nor would Defendants be privy to any particular prosecutorial decisions. Plaintiff's Motion to Compel the production of these items is denied.

4.  Documents regarding assaults involving other inmates

Plaintiff requested interview notes from Defendant Sheriff's Department about other assaults at the jail involving other inmates. Defendants contend that they have produced all relevant and responsive documents, and Plaintiff's Motion on this point is denied.

5.  New York Department of Corrections guidelines

Plaintiff contends that Defendants referenced guidelines of the New York Department of Corrections in a response to one of Plaintiff's interrogatories. Plaintiff asks that the Court compel Defendants to provide copies of these guidelines. This request is reasonable, and it is far simpler for Defendants to obtain this information than it is for Plaintiff to do so. Therefore, the Court orders Defendants to provide Plaintiff a copy of the guidelines referenced in Defendants' responses to Plaintiff's interrogatories.

6.  <u>Policies on "cross criminal complaints"</u>

As with the procedures discussed in section 3 above, Plaintiff seeks both Cortland County's and the District Attorney's Office's procedures for handling "cross criminal complaints." Plaintiff is unsatisfied with the County's response that it complies with state law and regulations. Apparently, Plaintiff wants a more detailed response from the County. In addition, he contends that the County should be required to provide the relevant District Attorney's Office procedures.

Again, the County is not the District Attorney's Office, and the District Attorney's Office is not a party to this case. The County cannot be compelled to provide information that is not in its possession or control. Moreover, the County's response to Plaintiff's request is sufficient. The Motion on this point is denied.

7.  <u>Number of inmates</u>

Plaintiff takes issue with Defendants' response to his interrogatory seeking information on the inmate population during the relevant time period. Plaintiff does not mention this request in his reply memorandum, but out of an abundance of caution the Court will address the issue.

Defendants' response is not insufficient. Defendant provided Plaintiff with the average number of inmates during the relevant 9-day period. Defendant cannot be required to provide Plaintiff with a daily inmate count for each day. Plaintiff's Motion on this point is denied.

**B.    Motion for Sanctions**

Plaintiff seeks sanctions in the form of his costs and expenses in bringing the Motion to Compel. However, because the Motion to Compel is denied as to all but one request sanctions are not appropriate.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel (Docket No. 63) is **GRANTED in part** and **DENIED in part** as set forth above; and

2. Plaintiff's Motion for Sanctions (Docket No. 63) is **DENIED**.

Dated: Monday, September 15, 2008

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
